E-FILED
Thursday, 06 November, 2025  03:25:15 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FREDERICK SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 25-3322-SEM-DJQ** |
| | ) | |
| | ) | |
| **DR. JOHN DOE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Frederick Smith, proceeding *pro se*, is an inmate with the Illinois Department of Corrections ("IDOC") who is currently incarcerated at the IDOCs Lawrence Correctional Center. However, the alleged wrongs committed against Plaintiff that form the basis for this lawsuit occurred when he was housed at the IDOC's Western Illinois Correctional Center ("Western Illinois"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act, the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify

and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, on January 4, 2025, he experienced a seizure in his cell at Western Illinois. Based upon this seizure, Plaintiff was taken to the healthcare unit at Western Illinois.

Upon arriving at the healthcare unit, Plaintiff regained consciousness. As he was regaining consciousness, Plaintiff heard Dr. John Doe accuse Plaintiff of malingering. As a result, Plaintiff heard Dr. John Doe tell the nurses who were present that he was

going to give Plaintiff something that would cause Plaintiff to overdose. Thereafter, Plaintiff felt a needle enter his buttocks.

Plaintiff was then taken to a local hospital in order to receive medical care. Once at the hospital, a doctor told Plaintiff that he was lucky to be alive because Dr. John Doe had given Plaintiff six milligrams of Ativan, when only two milligrams was required. Plaintiff claims that Dr. John Doe purposefully gave him too much medication in an attempt to harm him.

Plaintiff's Complaint states a claim for acting with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.

However, Plaintiff has failed to name a proper Defendant(s) to his § 1983 claim. Plaintiff has named "Dr. John Doe" as the sole Defendant in this case. However, the Court cannot effect service of process upon a John Doe Defendant. *Keller v. Gruninger*, 2018 WL 3068318, * 2 (N.D. Ill. June 21, 2018).

Nevertheless, in order to begin this litigation, the Court will add Western Illinois Brittany Greene as a "placeholder Defendant." *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). Plaintiff should understand that, at some point, the Court will

dismiss Warden Greene because his Complaint does not identify Warden Greene as a person who violated his Constitutional rights. The Court is simply adding Warden Greene to begin the litigation so that he may use the tools in discovery to identify the person or persons whom he believes failed to protect him and failed to intervene on his behalf in violation of his Constitutional rights, *i.e.*, the identity of Dr. John Doe. Once he identifies this individual or these individuals by name, Plaintiff must seek leave to file an amended complaint in which he names Dr. John Doe (and, perhaps, others) by name so that the Court may obtain service of process upon him.

In the future, the Court will enter a Scheduling Order that should assist the Court in identifying Dr. John Doe by name. If Plaintiff does not identify Dr. John Doe or others by name and if he does not seek leave to file an amended complaint in which he identifies Dr. John Doe by name in a timely manner, the Court will dismiss Warden Greene and will, in turn, dismiss this case.

**IT IS, THEREFORE, ORDERED:**

1.    Pursuant to its merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds that the Complaint states

a claim for deliberate indifference to a serious medical need in violation of Plaintiff's Eighth Amendment rights against Dr. John Doe. Any additional claims shall not be included in the case except at the Court's discretion and on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.     Because the Court cannot effect service of process on a John Doe Defendant, the Clerk of the Court is directed to add Warden Brittany Greene as a placeholder Defendant and, thereafter, to effect service of process upon Warden Greene pursuant to the Court's standard procedures.

3.     This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.     The Court will attempt service on Defendant by mailing a waiver of service to her. Defendant has sixty (60) days from the date that the waiver is sent to file an answer. If Defendant has not filed

5

an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

5.      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.      Defendant shall file an answer within sixty (60) days of the date that the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is

filed by a Defendant. Therefore, no response to the answer is necessary or will be considered.

7.    This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a Scheduling Order, which will explain the discovery process in more detail.

8.    Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9.    Plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.    If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.    The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 6th day of November, 2025

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE